**UNITED STATES of America,**
**Plaintiff,**

v.

**Walter R. REYNOLDS et al., Defendants.**
**Crim. No. 1208–67.**

United States District Court
District of Columbia.
May 2, 1969.

John Mitchell, Atty. Gen., of the United States; Edward Molenoff, Bruce Burns, United States Dept. of Justice, Washington, D. C., for plaintiff.

Walter E. Dillon, Jr., Washington, D. C., for defendant Walter R. Reynolds.

Albert J. Ahern, Jr., Washington, D. C., for defendant Bertram G. Dienelt, Jr.

Lester M. Bridgeman, Washington, D. C., for defendant Harlan E. Freeman.

Stanley M. Dietz, Washington, D. C., for defendant R. Marbury Stamp.

LeRoy E. Batchelor, Arlington, Va., for defendant A. Claiborne Leigh.

Farley W. Warner, Washington, D. C., for defendant E. Neil Rogers.

### MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This is a Motion to Dismiss the Indictment based on Rule 6(f) of the Federal Rules of Criminal Procedure and the Fifth Amendment. Defendants allege that the indictment procedure was defective in this case because the Grand Jury foreman did not read the indictment before signing it under the traditional certification "A True Bill." This allegation was raised in open court on April 28, 1969, at what was originally scheduled to be a *"Gaither* hearing."[1] But, subsequent to the scheduling of said hearing, the Court of Appeals issued its supplemental *Gaither* opinion,[2] rendering the points raised in Defendants' written motion papers moot. However, counsel being present in Court to address themselves to other matters pending in this case, the Court agreed to hear argument and testimony regarding the alleged non-*Gaither*[3] defect in the indictment procedure.

Reviewing the lengthy history of this case, the Court concludes that defendants' April 28, 1969 Motion to Dismiss the Indictment was not timely under Rule 12 of the Federal Rules of Criminal Procedure and the local rules of this Court,[4] and that by virtue of the provisions of Rule 12(b) (2) of the Federal Rules of Criminal Procedure, defendants have waived their right to raise the allegation that the indictment is defective because the foreman failed to read it. Rule 12(b) (2) provides in pertinent part:

Defenses and objections based on defects in the institution of the prosecution or in the indictment or information * * * may be raised only by

---

1. Gaither v. United States, No. 21,780, 413 F.2d 1061 (D.C.Cir., April 8, 1969).

2. Gaither v. United States, No. 21,780, 413 F.2d 1081, On Petitions for Rehearing (D.C.Cir., filed April 24, 1969).

3. Gaither v. United States, No. 21,780, 413 F.2d 1061 (D.C.Cir., April 8, 1969).

4. District Court Rule 87(d).

motion before trial. *The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof,* but the court for cause shown may grant relief from the waiver. [Emphasis added.].

Thus, if a motion is made which is addressed to defects in the indictment it must include *all* defenses and objections falling within this class then available to defendants.[5] Rule 12(b) (2) requires a *single* motion addressed to defects in the indictment; failure to raise all such defects in that one motion constitutes a waiver of the right to raise such objections.[6] "Although the court for cause shown may grant relief from a waiver, this is done only rarely." [7]

The indictment in this case was returned on September 22, 1967. Pleas of not guilty were entered on October 6, 1967. Subsequently, an extensive series of very thorough pre-trial motions were filed by counsel, which in the opinion of this Court left virtually no procedural avenue unexplored.[8] The Court more than once extended the time for filing these motions pursuant to Rule 12(b) (3) of the Federal Rules of Criminal Procedure. Finally, the motions were set for oral argument and the taking of testimony on June 4 and 5 and August 5, 1968. The motions were argued by five experienced, retained trial attorneys and one experienced court-appointed attorney, and were ruled upon by the Court. One of the motions was captioned

"Motion by Defendant, Walter R. Reynolds, to Dismiss Indictment for the Illegal Swearing of Grand Jury Witnesses to Secrecy," filed on November 29, 1967, subsequently joined in by *all* defendants, and argued and denied by the Court on August 5, 1968. Said motion was based on Rule 6(e) of the Federal Rules of Criminal Procedure and the Fifth Amendment, and clearly raised an objection "based on defects in the institution of the prosecution or in the indictment or information" within the meaning of Rule 12(b) (2). Defendants failed to allege in the August 5, 1968, motion to dismiss under Rule 6 [9] that the indictment procedure was defective because the Grand Jury foreman failed to read the indictment before signing. Instead, they seek to raise it by a second motion to dismiss under Rule 6 made one week prior to the scheduled commencement of the trial and some eighteen months after the indictment was returned. Under the express provisions of Rule 12(b) (2), they are precluded from raising this objection at this late time.[10] Their failure to raise it in their first motion to dismiss for defects in the indictment procedure constitutes a waiver for all time of their right to present that objection to the Court.[11]

"[T]he court for cause shown may grant relief from the waiver." [12] However, in the circumstances of this case the Court does not find cause for granting such relief and allowing defendants to belatedly raise their new objection to the indictment procedure. The informa-

---

5. Fed.R.Crim.P. 12(b) (2). *See also* 1 C.A. Wright, Federal Practice and Procedure (Criminal) § 193 at 406 (1969).

6. Fed.R.Crim.P. 12(b) (2) ; Notes of Advisory Committee on Rules, Fed.R.Crim. P. 12(b), 18 U.S.C.A.

7. 1 C.A. Wright, *supra* note 5 at 406.

8. The pre-trial motions included motions to suppress based on the Fourth and Fifth Amendments, for discovery and inspection, for bill of particulars, to dismiss for want of speedy trial, to dismiss count one as duplicitous, to consolidate counts and dismiss, to sever defendants, to sever counts, to dismiss for illegal swearing of

Grand Jurors, to inspect Grand Jury minutes, and to transfer trial of case.

9. Fed.R.Crim.P. 6.

10. United States v. Campisi, 306 F.2d 308, 312 (2d Cir.), cert. denied, 371 U.S. 925, 83 S.Ct. 293, 9 L.Ed.2d 233 (1962).

11. Fed.R.Crim.P. 12(b) (2). *See also* United States v. Campisi, 306 F.2d 308, 312 (2d Cir.), cert. denied, 371 U.S. 925, 83 S.Ct. 293, 9 L.Ed.2d 233 (1962) ; 1 C. A. Wright, *supra* note 5. *Cf.*, United States v. Freeling, 31 F.R.D. 540, 543 (S.D.N.Y.1962).

12. Fed.R.Crim.P. 12(b) (2).

tion, both factual and legal, on which the April 28, 1969, motion was based was at all times available to defendants and yet they failed to take appropriate action at the time they filed their first motion to dismiss.[13] Looking to the facts first, there is no merit to the argument that defendants could not have discovered until recently the Grand Jury foreman's failure to sign the indictment. The foreman was available to be questioned by counsel long before the April 28, 1969, hearing; indeed, he was one of the prime witnesses at the August 5, 1968 hearing on defendants' first motion to dismiss the indictment for defects in the Grand Jury proceedings. And if, as alleged, the supposed brevity of the Grand Jury deliberations on the day the indictment was returned led to the suspicion that the entire indictment could not have been read, this information was available on September 22, 1967, for counsel for defendant Reynolds has represented to the Court that he was outside the Grand Jury room during those allegedly abbreviated deliberations. Thus, the facts concerning the newly alleged defects in the Grand Jury proceedings were "notorious and available to [defendants] in the exercise of due diligence" long before April 28, 1969, one week prior to the scheduled commencement of trial.[14] Turning to the law, defendants' delay in raising the present objection is not justified by the fact that the Gaither decision[15] was not announced until April 8, 1969. Defendants have clearly indicated to the Court that their present objection is in no way based on Gaither,[16] as indeed it could not be under the rule of the supplemental opinion in that case,[17] nor on "new law" in any sense of the term, but on the more general and long-known mandates of Rule 6[18] and the Fifth Amendment. Thus, the applicable legal principles were equally "notorious and available" to defendants.[19]

The Court need express no opinion on the substantive argument raised by defendants that the failure of the Grand Jury foreman to read the indictment before signing makes the indictment fatally defective. It is enough to say that the objection has been waived and that cause has not been shown for relief from that waiver.[20] Accordingly, it is this 2nd day of May, 1969,

13. Scales v. United States, 260 F.2d 21, 46 (4th Cir. 1958), affirmed, 367 U.S. 203, 81 S.Ct. 1469, 6 L.Ed.2d 782 (1961). See also 8 J.W. Moore, Federal Practice ¶ 12.03 [4] (Cipes ed. 1968).

14. Shotwell Mfg. Co. v. United States, 371 U.S. 341, 363, 83 S.Ct. 448, 9 L.Ed. 2d 357 (1963).

15. Gaither v. United States, No. 21,780, 413 F.2d 1061 (D.C.Cir., April 8, 1969).

16. Id. It should be pointed out that, unlike the present case, the contentions raised in Gaither had been raised by timely motion to dismiss the indictment in the District Court. Id., 413 F.2d at 1065.

17. Gaither v. United States, No. 21,780, 413 F.2d 1061, On Petitions for Rehearing (D.C.Cir., filed April 24, 1969).

18. Fed.R.Crim.P. 6.

19. Shotwell Mfg. Co. v. United States, 371 U.S. 341, 363, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963).

20. To the extent that the contentions raised here have any relationship to the two Gaither opinions, the Court of Appeals in Gaither made it clear that the type of objection made there must be raised by timely motion under Rule 12(b) of the Federal Rules of Criminal Procedure. Fed.R.Crim.P. 12(b). See Gaither v. United States, No. 21,780, 413 F.2d 1061 (D.C.Cir., April 8, 1969), at 1065 n. 2. Indeed, as noted supra note 16, the contentions made about the indictment procedure in Gaither had been raised by timely motion in the District Court. Finally, the Court indicated clearly that the timeliness requirements of both the federal and local rules should be applied in such a case, for in footnote 7 of its supplemental opinion, the Court said: "In our footnote 32 [of the original opinion], we stated: 'However, pretrial challenges to the defect found here can be made in cases now pending trial.' This merely tracked the language of Rule 12 (b) (2), which we had cited in footnote 2, and did not foreclose application of Rule 12(b) (3) (or its local correlate, District Court Rule 87(d)), which we had cited immediately after Rule 12(b)

Ordered that defendants' Motion to Dismiss the Indictment for Defects in the Grand Jury Proceeding be and is hereby denied.

(2) in footnote 2." Gaither v. United States, No. 21,780, 413 F.2d 1081, On Petitions for Rehearing (D.C.Cir., filed April 24, 1969), at n. 7.